## Construction Ind. Ins. Fund v. Smith & Co., Inc.

David S. Palkovitz, Robert Palkovitz and Jack Palkovitz, for plaintiff.

Jacob Frank, for defendant.

GUFFEY, J., November 18, 1959.—This is a suit in assumpsit which was tried without a jury. Plaintiffs, O. H. Martin and George R. Hoffmaster, sued on behalf of a trust fund, charitable in nature, which was created by an agreement and declaration of trust between certain labor organizations and a number of employer associations, of which defendant was a member. The contract states that it was entered into "for the purpose of establishing the rate of wages; hours of work; . . . in building construction work in Allegheny, Armstrong, Beaver, Butler, Fayette, Lawrence, Washington, and Westmoreland counties in the State of Pennsylvania." The court was asked to decide whether, under the facts as set forth below, article V of the agreement requires defendant employer to pay seven and one-half cents an hour into the trust fund when employes are sent to work on jobs located outside of the State of Pennsylvania. Article V reads as follows:

"Section 1. During the term of this Agreement all the Employers agree to pay the Construction Industry Insurance Fund of Western Pennsylvania the sum of seven and one-half cents ($0.07½) per hour for each hour worked by any Employee and a member of a participating union of Carpenters' District Council."

It was shown at the trial that defendant hired a number of carpenters in Allegheny County who were members of the Carpenters' District Council, a signatory to the trust agreement, and sent them to a job in the State of New Jersey. It was further shown that the company paid the minimum amount into the trust fund to assure that the men were covered but did not pay seven and one-half cents for every hour the men in question worked. The total amount claimed for this deficiency was $1,016.18 for 13,459 hours. The court cannot find, nor has counsel been able to furnish it with a provision of the trust fund which allowed employers to make partial payments, but a witness for the employer testified that it was possible for the men to work in more than one area and not be covered in any of them; consequently his company would examine the men and keep them covered "in our own area."

After a careful reading of the relevant contract provisions and consideration of the evidence presented, the court is of the opinion that the contemplation of the parties to the agreement which set up the trust fund was that the seven and one-half cents an hour was to be paid into the fund regardless of the place at which the men were to perform their duties and therefore the duty of defendant was to make full contribution for the total number of hours the men in question worked in the State of New Jersey.

### Order

And now, November 18, 1959, after hearing and consideration of the briefs filed, judgment is entered for plaintiff and against defendant in the amount of $1,016.18, with interest from December 31, 1956.